**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STEVEN STAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.  4:22-CV-178-SEP |
| ) | |
| MICHELLE BASHAM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are three motions and an amended complaint filed by Plaintiff Steven Stafford.[1]  The Court will grant the motion to proceed *in forma pauperis* and assess an initial partial filing fee of $9.82.  The Court will also give Plaintiff the opportunity to file a second amended complaint and will deny without prejudice his motion to appoint counsel and his "Motion to be Removed From Transfer List."

### 28 U.S.C.  § 1915(B)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  Thereafter, the prisoner must make monthly payments of 20% of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*  Plaintiff's certified inmate account statement showed an average monthly deposit of $22.69 and an average monthly balance of $49.10.  The initial partial filing fee is therefore $9.82, which is 20% of Plaintiff's average monthly balance.

---

[1] As explained in this Court's March 22, 2022, Memorandum and Order, this action began after Plaintiff and other prisoners attempted to jointly file a civil action pursuant to 42 U.S.C. § 1983 to claim violations of inmate rights.  Plaintiff did not sign the complaint, nor pay the filing fee, nor move for leave to proceed *in forma pauperis*.  The instant action was opened on Plaintiff's behalf using the complaint from the originating action, and Plaintiff was directed to either pay the filing fee or seek leave to proceed *in forma pauperis*.  He was also allowed to file an amended complaint to allege his own claims for relief.  Plaintiff complied by filing the instant motion and amended complaint.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  However, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE AMENDED COMPLAINT**

Plaintiff filed the 36-page Amended Complaint pursuant to 42 U.S.C. § 1983 against numerous defendants.  Named in the caption of the amended complaint are the following

defendants:  Michelle Basham; Carl Hart; Gary Fenwick; Patricia Lamarche; Benjamin Laxton; Ronald Dunnigan; Adam Simonton; Charles Wadlow; Dennis Spaulding; "COI" Jennings, Stevens, Allen, Debrois, and Price; "FSM" Luebbers; Corizon Medical; Jane/John Doe, Attending Nurse; and Ashley Downs.  The statement of his claim includes allegations against other individuals identified by name or job title, but it is not clear whether Plaintiff intends to sue those individuals in this action as well.

The Amended Complaint asserts a variety of claims, including excessive force, harassment, conspiracy, retaliation, denial of religious accommodations, denial of access to the grievance procedure, and deliberate indifference to the medical needs of inmates.  Plaintiff also asserts claims premised upon the wrongful destruction of his personal property and wrongful termination from his prison job.  Plaintiff indicates an intent to assert at least some claims on behalf of other inmates.  For example, Plaintiff claims Basham "abused her authoritative position as a veteran supervisor, of the Missouri Department of Corrections, by violating our religious freedoms afforded to us through and under, the Religious Freedoms Restoration Act [RFRA], and the Religious Land Use and Incarcerate[d] Persons Act [RLUIPA] . . . ."  Doc. 4 at 18.  Provided with the Amended Complaint is a lengthy exhibit, consisting mainly of copies of grievance documents Plaintiff filed concerning some of the events described in the Amended Complaint.  Plaintiff's allegations include the following:

- On February 28, 2021, while Plaintiff and other inmates were praying, Hart pepper sprayed them.  Later, Spaulding threw Plaintiff to the ground, and another guard choked him.  Simonton removed Plaintiff's personal clothing from him by cutting it, thereby destroying his personal property.  *Id.* at 26.
- Unspecified persons left Plaintiff in a cold cell without clothing or access to water for an unspecified period of time.  Plaintiff was later given underwear, but it was tainted and it burned his skin.  *Id.*
- "There was no medical assistance and we were denied showers for over 16 1/2 hours."  *Id.*
- "Lt. Wrink and another Sgt" said that "if we pray again back in that wing; be prepared for the same thing to happen again."  *Id.* at 28.
- Individuals named Bennet, Moffet, Perry, and a person whose name is illegible "refused to give us IRR's so we could file on the assault."  *Id.* at 26.  Plaintiff

3

indicates that other individuals failed to "give us an IRR" as well, and he alleges other violations of his right to grieve matters at the facility. *Id.* at 27. "Jefferson City" responded to his complaint concerning the use of force, but "all other complaints are lost . . . ." *Id.* at 30.

- Hart and Basham conspired with food service staff to remove Plaintiff from his work assignment. *Id.* at 33.
- The Muslim population at the facility is wrongfully denied the ability to purchase religious items from "bona fide vendors." *Id.* at 34.

Plaintiff also purports to set forth some claims by referring the Court to his attached 59-page exhibit, which contains copies of grievance documents and other materials. It appears that Plaintiff intends for the Court to review the documents in the exhibit and use them to piece together some of his claims.

Plaintiff seeks monetary damages and various forms of equitable relief. For example, he asks this Court to order staff to wear body cameras and preserve institutional videos, and to order "[e]ach defendant to be deposed and administered a certified voice stress analysis test." *Id.* at 36. He also seeks an order directing that Hart and Basham face criminal prosecution.

## DISCUSSION

Plaintiff did not follow the Court's instructions when preparing the Amended Complaint. The Amended Complaint advances unrelated claims against not one but many defendants. As this Court explained in its prior order, that is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, Plaintiff **may not** join, in a single lawsuit, **unrelated** claims against **different** defendants. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Accordingly, Plaintiff **may** assert multiple claims against a **single** defendant.

4

The Amended Complaint also purports to assert some claims on behalf of inmates other than Plaintiff. As this Court explained in its prior order, while federal law authorizes Plaintiff to plead and conduct his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (in general, to satisfy the standing requirement, a Plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Plaintiff also does not claim to be a licensed attorney and therefore he may not bring claims in federal court on behalf of other individuals. *See* 28 U.S.C. § 1654; *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Plaintiff also prepared the Amended Complaint in a manner that obscures his claims and would make an orderly trial impossible. It is apparent that Plaintiff intends to claim he was denied religious accommodations and subjected to excessive force, but his actual claims are obscured in a lengthy and meandering pleading. As the Court explained in its prior order, Plaintiff must follow the Federal Rules of Civil Procedure, including Rule 8, which requires him to set forth a short and plain statement of the claim showing that he is entitled to relief.

The Court will not dismiss this action at this time, and will instead give Plaintiff the opportunity to file a second amended complaint. Plaintiff is advised that any second amended complaint will replace both his original Complaint, Doc. 1, and his Amended Complaint, Doc. 4. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print his second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented Plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he sues each defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R.

5

Civ. P. 8(a).  Each statement must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence—i.e., claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

Any second amended complaint should include facts explaining how each defendant was personally involved in or directly responsible for harming Plaintiff.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  It must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff may not amend or supplement his complaint by filing separate documents containing changes he wants made to certain parts.  Additionally, Plaintiff may not attach exhibits to a complaint and instruct the Court to review them and piece together his claims.  Instead, Plaintiff must file a single, comprehensive second amended complaint that contains specific facts in support of his claim or claims.  Plaintiff shall have 21 days to file a second amended complaint, which will then be subject to review under 28 U.S.C. § 1915(e)(2).

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel.  A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent Plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that Plaintiff as well as the court will benefit from the assistance of counsel."  *Id.*  (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).  When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the factual complexity of the issues, the

6

litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Also, service of process has not occurred and discovery has not begun, so there is no conflicting testimony. Recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

### MOTION TO BE REMOVED FROM TRANSFER LIST

Plaintiff has also filed a document entitled "Motion to be Removed From Transfer List." Doc. 8. In it, he asks this Court to "order Plaintiff to be placed on the 'non-transferable list,' as any transfer of Plaintiff to another correctional facility further from St. Louis would be considered a form of retaliation against Plaintiff due to the pending litigation Plaintiff has with the Missouri Department of Corrections employees and its staff at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri." *Id.* at 1.

Plaintiff does not identify any procedural basis for the motion. To the extent he could be understood to be seeking relief under Rule 65(b)(1) of the Federal Rules of Civil Procedure, he has failed to establish entitlement to relief. Rule 65(b)(1) governs issuing a temporary restraining order without notice to the adverse party or his attorney. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, Plaintiff has yet to file a complaint that survives initial review pursuant to 28 U.S.C. § 1915(e)(2), and so he has certainly not presented a verified complaint satisfying the Rule 65(b)(1)(A) standard. Nor has he provided an affidavit providing specific facts showing that he is at risk of immediate harm. Instead, Plaintiff seeks relief based upon nothing more than speculation. The motion will be denied without prejudice, and the Court will entertain future such motions, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (Doc. 6) is **GRANTED**.

7

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $9.82.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to be Removed From Transfer List" (Doc. 8) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint that conforms to the instructions herein within twenty-one (21) days from the date of this Order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

Dated this 12th day of September, 2022.

_____
SARAH E.  PITLYK
UNITED STATES DISTRICT JUDGE